Good morning, Your Honors. Lewis Gordon on behalf of Juan Carlos Vargas-Hernandez, who is present in the courtroom as well. I'd like to allocate- Can you raise your voice a little? I'm having trouble hearing you. I would like to allocate two minutes for rebuttal. I'll remind you. This case involves multiple levels of due process violations by both an immigration judge and the Board of Immigration Appeals. Mr. Vargas-Hernandez is a long-term permanent resident of the United States. He was brought here at 6 years old, became a permanent resident while still a child. He was raised and lives in South Central Los Angeles. At the age of 14, he became involved in a gang. And at the age of 16, while walking down the street, three men got out of a car and accosted him. One of them had a weapon. He wrestled with the man. The weapon went off. The men drove away. And one of them subsequently died from that gunshot. Well, it's undisputed, basically, he was prosecuted as an adult under California law, correct? That's correct. He was prosecuted as an adult. However, under immigration law, he should be allowed-he should be given the federal definition. Well, now, the other circuits that have seen this similar issue have gone against you, correct? But the Ninth Circuit has not spoken on this issue. The First Circuit has gone against us. Is there any circuit that's ruled in the manner that you are urging? There's no circuit that's ruled in this manner. However, the Board of Immigration Appeals has ruled that foreign convictions are to be accorded the federal definition. So- I'm not sure I see where that's very relevant, sir. Well, it's relevant if- If the person is subject to a prosecution in a state, and as I understand, at least the First Circuit rule, the rule is to look to how the state treated it, and that there does not exist a separate federal standard that would somehow trump the treatment that's provided by the state that actually conducted the prosecution. Well, the idea is that he was a minor at the time. If you look at the congressional history of the FJDA, it was to provide a way to ameliorate the situation for juvenile delinquents. Well, obviously, if you're treated as a juvenile, then it's not a conviction, right? Correct. But in California, if you're tried as an adult, then the issue is whether that's a conviction as defined for immigration purposes. Correct. And in California, if you're tried as an adult, it basically is treated as a conviction for all of the other purposes, whether you've got priors and things along those lines, right? So you have to be able to show this is not a conviction. Well, we also have the Lujan-Armendariz case, which deals with first-time drug offenders, that are found that if their conviction would have been treated under the federal situation, they would have qualified for federal first offender relief, then it can't be used as a conviction. And we're arguing that the same situation should apply here. Now, what's interesting is the Board of Immigration Appeals does not, in its decision, say he's not eligible for adjustment statutorily. They simply say even if he is eligible for adjustment, they would deny relief on discretionary grounds. And if he is eligible for adjustment under our argument, then he's not required to show those heightened standards because he no longer has a conviction for immigration purposes. Well, adjustment of status is a discretionary decision just like denial of 212C relief, correct? Yes. Am I correct on that? Are you conceding that voluntary manslaughter is not a crime of violence or an aggravated felony? You're just saying it's not a conviction here, right? We're saying here it's not a conviction for immigration purposes. We're also arguing that it's not a crime of moral turpitude, that this conviction would not be a crime of moral turpitude, which would make him inadmissible. Well, is it a crime of violence? Are you saying that it's not a crime of violence? I'm not prepared to concede it. But the issue here, Your Honor, is the motion to remand was made, and the Board's ruling is that he can't show heightened discretionary factors. There is no ruling on the law below. At the same time, when we look at the immigration judge's conduct during the hearing, the immigration judge denies a continuance to his attorney to file that adjustment application, and ultimately denies 212C relief because he fathered an illegitimate child. That's the sole reason, if you look in the record. Well, we're not permitted to go back and review that 212C. Well, we're not permitted to look at the discretionary aspect. We are permitted to look at whether it's a due process violation. What in the evidence do we have that shows that the hearing was fundamentally unfair? It's in the evidence. What we have in the evidence is the Petitioner's counsel asked for a continuance because her daughter was ill, and the immigration judge states something to the effect of, I know a lot about sick children. Would you like me to recuse myself? And Petitioner's counsel said, yes, I would. And the immigration judge then went off the record and came back on the record and then denies the continuance, and fails to recuse herself. Well, what were the exact grounds for the recusal motion? The grounds were that she's, that the immigration judge is biased, and also it appears from the record that the judge could not make a fair determination on Petitioner's counsel's request, being that she has a sick daughter, because the judge herself had interjected personal issues into that. Well, counsel, I've read that part of the transcript. And, you know, sitting as a trial court judge, you know, yes, the immigration judge appears to have become unhappy, perhaps even angry. But, I mean, if you look at that dialogue, it says don't tell me about sick children. I'm sorry, Your Honor, I could write volumes about it. I know you could. That's why I thought you'd have some empathy here. And then he goes on and says, you know, you have an attitude about this case. You know, that's a pretty direct challenge to the authority of the trial judge in this matter. And, you know, then there's the unfortunate comment about, well, you know, I'll recuse myself. Yeah, go ahead. I mean, I'm not sure that shows a denial of due process as much as to people who are verbally sparring. Well, when you look at the decision and you look at, in other words, when you look at the decision and you look at the actual reason for the denial, that's where you can see the denial of due process. There's, and we're not arguing the merits of the discretion or whether the judge is right or wrong in reaching the discretionary issue. You only were looking at what was done in the decision vis-a-vis this sparring. So that's where the due process comes in. And now on the BIA level. Do you want to save the balance of your time for rebuttal? Yes, Your Honor. Okay. Thank you. Two minutes, we'd like to report. May it please the Court, my name is Jennifer Paisner on behalf of the respondent, the United States Attorney General. The petitioner in this case does not dispute that he was convicted as an adult under California state law for the crime of voluntary manslaughter. He won't concede, but there's clear Ninth Circuit law cited in our brief that his conviction for voluntary manslaughter is an aggravated felony as a crime of violence under 101A43F. His only contention with respect to his removability as an aggravated felon is his claim that although he was tried and convicted as an adult under California state law, that somehow the immigration judge, the board in this court, should consider him as having been convicted as a juvenile or tried as a juvenile under the Federal Earl of Juvenile Delinquency Act. We don't have a case on point, though, correct? No, this Court doesn't, but there is a case on point in the First Circuit, and there's also a recent case in the Second Circuit, which arises United States sentencing guidelines, and that case is United States v. Pereira. Well, I guess my point is that I don't think that he's not out to lunch making the argument when there isn't controlling precedent in this circuit. Well, no, but the two courts that I have found to have considered the issue have both recognized that there's absolutely no basis for immigration officials to second-guess the criminal judgment of the state courts. The California state court made a determination based on the nature of his crime to try and convict him as an adult, and there's nothing in the INA, and there's certainly nothing in the Federal Juvenile Delinquency Act, that would suggest that that conviction as an adult should somehow be treated as juvenile delinquency for immigration purposes. The definition of a conviction in the INA simply says a formal adjudication of guilt and a term of imprisonment, and there's no dispute that he had a formal adjudication of guilt as an adult and that he was sentenced to a term of imprisonment. There's no reference in the INA to any Federal standard for determining whether or not there's a conviction, and as a matter of fact, it's required to give, in this court, to give full faith and credit to a determination of a state court in criminal proceedings that an individual should be tried as an adult. As for the BIA's determination that the FJDA, the Federal Juvenile Delinquency Act, should apply to foreign convictions, there were policy justifications behind that, and there was a concern that foreign countries could perhaps treat juveniles more harshly than they would be treated under the laws of the United States, and so to avoid potential problems that individuals who are convicted under a foreign law when they were under 18 would be treated as juveniles under the Federal standard. But that concern doesn't apply when an individual was convicted under a state of the United States. So same concerns about what I believe one of the cases was Cuba. How Cuba might treat juveniles is not present when we're talking about how California treats juveniles. Did Fergus Hernandez show that he may have been entitled to adjustment of status? I believe that what the board did, he filed an application for adjustment of status to the board and a motion to remand, and the board basically said even, I don't believe it found that he was entitled to adjustment of status, but it said even assuming he's entitled to adjustment of status, we would deny any exercise of discretion based upon all the evidence that had been discussed during the evidentiary hearing before the IJ. So the board made a discretionary determination that adjustment of status would be denied anyway in the exercise of discretion, and that was the basis for denying the motion to remand. And, of course, that discretionary determination is not subject to review. And although Petitioner says that he could have submitted more evidence in support of his adjustment application, and that relying upon the evidence submitted in support of his 212C application before the immigration judge was somehow unfair, he can't show prejudice because he hasn't offered any suggestion of what additional evidence he would have submitted that was not fully discussed during the hearing before the immigration judge. And to make out a due process violation, you have to show prejudice, and prejudice requires some showing of what additional evidence you would have submitted. It's not enough to simply say there was other evidence out there, I could have submitted it. Just briefly, I think that the immigration judge's decision shows that she considered all the evidence that was submitted, she balanced the factors, and she exercised her discretion to deny 212C. There's really no evidence in the record that she was somehow prejudiced against Mr. Vargas Hernandez. The, I guess, sparring between the two. How can you say that? I mean, here's a judge who says, if you think I'm prejudiced, I'll recuse myself, and Ganssel takes her up on that. And then she reverses herself and comes back later and says, no, that seems to me to be fairly strong evidence that she, at a minimum, has an attitude in this case. Well, but there's no evidence that she was actually prejudiced against the petitioner's case, and what actually happened was that she allowed him to submit all of the evidence he wanted to submit that was relevant to her determination. And then I think you have to look at her final decision. And in her final decision, she lays out the standard for 212C relief, she fully discusses all of the equities in the case, and she focuses on the particularly serious nature of his voluntary manslaughter conviction. But what do we make of the fact she says, you know, sort of throws the gauntlet down. If you want to recuse me, go ahead and do it, and I'll recuse myself. Then cooler heads prevail and, well, no, I'm not going to now. So, you know, even assuming it was there is, you know, I've had about enough of you, you're on my last nerve, and I'd be happy to get rid of this case, and then you take a break and you kind of take a few breaths and you kind of go, okay, no, I'm going to hear this case. Even assuming that she was intemperate at one point in the hearing, there's still, in order to even constitute a due process violation, and certainly in order for there to be prejudice, the petitioner has to show more than that she made one intemperate comment. He has to show that somehow that affected her ultimate disposition of the case. And I think her ultimate decision shows that she considered all the factors, she weighed them, and she concluded that his conviction outweighed any positive equities. And she noted that there weren't very many positive equities in her opinion in his case, but she's entitled to do that based on the evidence that she considered it. What's the standard of review do we apply to the I.J.'s decision not to recuse herself? Well, I suppose, well, he is a criminal alien, and so the BART judicial review applies. Under the Real ID Act, the court can consider constitutional claims and questions of law. To the extent that challenge presents either a constitutional claim or a question of law, it would be de novo. But, again, in order to, and I guess the claim is a due process violation, so that would be a constitutional claim. But in order to establish a due process violation, he has to show prejudice. And he can't do that. It's not enough to say she was simply biased against me. He has to show how that affected her ultimate disposition of his case. Now, if I understand your argument correctly, that let's assume she was intemperate, that, you know, we'll go with all of that. But you're saying that basically as this petitioner sits in those things that are undisputed with his convictions, with his record, and all of that, that's a discretionary determination. Well, no, I mean, I think they're two separate inquiries. This court can't look behind the immigration judge's exercise of discretion in balancing the factors and ultimately denying 212C relief. That's a discretionary determination that's not subject to judicial review. The other question is whether he can somehow show prejudice from this one comment made by the immigration judge. And I don't think the record supports that inference at all. And he didn't have them. Perhaps. I mean, I think what happened in that portion of the transcript is somewhat open to interpretation. Don't you agree there have to be reasons for a judge to recuse herself? She can't just do it out of a whim. I do. And I have to admit I'm not particularly familiar with the exact grounds upon which an immigration judge should recuse herself. I think the standards for recusal, you know, there are certain things you have to recuse yourself on, but you also have a duty to hear those cases which you're not prejudiced on. So it's, for example, I can't come to court and say, oh, this is a really hard case, I don't want to do it because I don't want to do the work or anything like that, that's not a good basis for recusal. But then on the other hand, there are situations where, say, you have a financial issue, you know, there are automatic disqualification issues. I mean, the only thing I would say with respect to that is that in her decision, she actually addresses, you know, the whole recusal issue, and I believe she explains that she felt that, you know, whatever she might have said initially, she ultimately felt that she wasn't biased and that she couldn't render a fair opinion, and the petitioner hasn't shown any evidence in the record that would counteract that recognition by the immigration judge of what happened. All right. Your time has expired. Thank you. Thank you. I'll give you two minutes for rebuttal. I would like to point out that there is prejudice by the immigration judge's conduct. The petitioner has an advanced neuromodulation system implanted in his back. There's no discussion of that in the immigration judge's decision or any medical evidence in his decision. And the decision on him not leading a productive life goes to him having a fathered, illegitimate child. When the board then looks at its... Well, that wasn't the only evidence, though, about... I mean, he's had... I mean, he was arrested for other murders, I guess, that he ended up getting acquitted of, right? And then he had a grand theft. He does have a grand theft conviction, too. No, he doesn't have a grand theft conviction. He has a vandalism conviction, and the other acquittals and the dismissals can't be used against him. So if you look at page 98 in the record, when the immigration judge states why she's denying the case, that's where her prejudice clearly comes out. That looking at the favorable and unfavorable factors it would deny, it doesn't make sense. Now, I also wanted to advise the Court that the petitioner would also not be inadmissible, even if... Because the conviction for manslaughter is not a crime of moral turpitude, and he would be subject to a jury juvenile exception under INA section 212A2A2I. So I wanted to advise... But if it's an aggravated violent felony, that puts him in a whole other situation, too. If it were to be found to be an aggravated felony. But the overall writing problem here is the... And we believe if you look at this decision, if you look at the immigration judge's decision, and then look back at the reasons for continuance and recusal, and then look at the board's decision, the requisite prejudice is there. Thank you. All right. We've agreed to submit that on the briefs, case number 05-77051. And that will be submitted as of this date.
judges: Hall, Callahan, Robart